UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04  12420 RGS CIVIL ACTION NO.

MAGISTRATE JUDGE Dein

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, <br> Plaintiff <br><br> v. <br><br> DONNA M. NOLAN, <br> JESSIE-JEAN PETKUS <br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

RECEIPT #_____
AMOUNT $150
SUMMONS ISSUED YES
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. TOM
DATE 11/15/04

### COMPLAINT FOR INTERPLEADER

Parties

1. Plaintiff Metropolitan Life Insurance Company ("MetLife") is an insurance company organized under the laws of the State of New York with its principal place of business in New York, New York.

2. Defendant Donna M. Nolan ("Nolan") is, on information and belief, the former wife of James J. Petkus ("Decedent") and is an adult resident of Quincy, Norfolk County, Massachusetts.

3. Defendant Jessie-Jean Petkus ("Petkus") is, on information and belief, the wife of the Decedent and is an adult resident of South Weymouth, Norfolk County, Massachusetts.

## Jurisdiction

4. This matter is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq*. Egelhoff v. Egelhoff, 532 U.S. 141 (2001); Sun Life Assur. Co. of Canada v. Sullivan, 206 F.Supp.2d 191, 195-96 (D.Mass. 2002). As a result, this Court has exclusive jurisdiction pursuant to 29 U.S.C. § 1132(e)(1).

5. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1391(b).

## Request for Interpleader

6. The Decedent was an employee of the Boston Gas Company which was purchased by KeySpan Corporation ("KeySpan") in or about the year 2000. The decedent was a participant of The KeySpan Employee Welfare Plan ("Plan"). The Plan is an employee welfare benefit plan governed by ERISA.

7. MetLife is the claims administrator and insurer for the basic employee term life insurance portion of the Plan.

8. On information and belief, the Decedent died on December 16, 2003. As a result, there is a benefit of $148,800 ("Proceeds") due to his beneficiary(ies).

9. On or about December 29, 2003, KeySpan provided MetLife with a death report for the Decedent.

10. On or about January 15, 2004, Petkus provided MetLife with a copy of a beneficiary designation form dated March 20, 2002, apparently signed by the Decedent naming Petkus and Nolan as primary beneficiaries, with each to receive a 50% share.

11. On or about February 11, 2004, Nolan provided MetLife with a copy of a Boston Gas Company interoffice memorandum dated May 31, 1995 that was addressed to the Decedent which indicated that according to its records Nolan is listed as the beneficiary of the Plan. The Decedent designated Nolan as the sole primary beneficiary on March 20, 1984. It has been confirmed with Boston Gas Company that this 1984 designation was on file with the Plan.

12. MetLife did not have a beneficiary designation form in its file prior to the Decedent's death.

13. The Summary Plan Description which applies to the Plan provides in pertinent part:

> "You may name whomever you wish as a beneficiary. Your beneficiary under the Basic Plan is the person or persons you have named on your beneficiary designation card. ... If you do not name a beneficiary, the insurance is paid to your estate. Furthermore, you can change your beneficiary designation at any time, You must do this in writing and file it with the Benefits Department."

14. Nolan and Petkus have both presented claims for the Proceeds to MetLife.

15. On October 1, 2004, MetLife advised Nolan and Petkus, through their attorneys, that their competing claims raised questions of fact and law that cannot be resolved by MetLife without exposing the Plan to the danger of double liability. MetLife requested that the parties try to reach a compromise agreement about the life insurance proceeds, and to provide an appropriate, executed settlement agreement which would permit checks to be forwarded to the beneficiaries.

MetLife advised that if the parties were unable to reach an agreement, it would be required to file an interpleader action. A copy of this letter is attached hereto as Exhibit A.

16. In response to MetLife's suggestion that the parties should compromise to avoid this interpleader action, on or about October 18, 2004, Nolan's attorney sent a letter to MetLife allegedly making claims under M.G.L. c. 93A.

17. By reason of the foregoing, MetLife is in doubt as to which defendant is entitled to recover the Proceeds or any part thereof. Further, the defendants seem unwilling or unable to compromise their claims without litigation.

WHEREFORE, MetLife respectfully requests that this Court issue an order:

A. That the defendants be required to interplead and settle between themselves their rights to the Proceeds;

B. That the defendants be restrained from instituting or prosecuting, in any other state or federal court, any proceeding against MetLife, KeySpan Corporation, or the Plan with respect to the Proceeds;

C. That upon MetLife's deposit of the Proceeds with the Court, MetLife, KeySpan Corporation and their related companies and the Plan be discharged from any liability in this action;

D. That MetLife be awarded its attorneys' fees and costs; and

E. That grants such other relief for MetLife as is just and proper.

        METROPOLITAN LIFE INSURANCE
        COMPANY,
        By its attorneys,

        /s/ James F. Kavanaugh, Jr.
        /s/ Constance M. McGrane
        James F. Kavanaugh, Jr. (BBO# 262360)
        Constance M. McGrane (BBO #546745)
        CONN KAVANAUGH ROSENTHAL
         PEISCH & FORD, LLP
        Ten Post Office Square
        Boston, MA  02109
        (617) 482-8200

Dated: November 15, 2004

213511.1

**MetLife®**

Metropolitan Life Insurance Company
Group Life Claims
P.O. Box 6115
Utica, NY 13504

Joseph A. MacRitchie, Esq.
21 McGrath Highway, Suite 303
Quincy, MA 02169

Kenneth J. DiFazio, Esq.
119 Broad Street
P.O. Box 422
Weymouth, MA 02188

| | |
|---|---|
| Re:    Plan Participant: | James J. Petkus (decedent)/ Claim # 1627124 |
| Plan and No.: | KeySpan Corporation / 105953 |
| Amount: | $148,800 (basic) |
| Mr. MacRitchie's Client: | Ms. Donna M. Nolan |
| Mr. DiFazio's Client: | Ms. Jessie-Jean Petkus |

Dear Mr. MacRitchie and Mr. DiFazio:

This is in response to the request for an administrative review of the initial claim denial. We have re-examined the entire claim file, including any additional material and information provided. For the reasons detailed below, we have determined that your clients' claims raise questions of fact and law that cannot be resolved by MetLife without exposing the Plan to the danger of double liability.

The Plan is regulated by the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. §§ 1001-1461. MetLife is acting in its capacity as claims fiduciary for the Plan. ERISA defines a beneficiary as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

The Summary Plan Description ("SPD")[1] at page 2 provides that "You may name whomever you wish as a beneficiary. Your beneficiary under the Basic Plan is the person or persons you have named on your beneficiary designation card. . . . Furthermore, you can change your beneficiary at any time. You must do this in writing and file it with the Benefits Department."

Ms. Petkus relies on a beneficiary designation form, dated March 20, 2002, which names her and Ms. Nolan as co-equal primary beneficiaries. Ms. Nolan has questioned whether the signature on this March 20, 2002 form, was that of the decedent at all. In addition, this form was not on file with the Plan and there is a question as to whether it was dispatched to the Plan in the decedent's lifetime.

Ms. Nolan relies on a prior beneficiary designation form dated March 20, 1984, which names her as sole primary beneficiary. Although this designation was not on file with the Plan either, Ms. Nolan submitted a copy of an interoffice memo from the Boston Gas benefits office to Mr. Petkus stating that she was his beneficiary. Ms. Nolan also contends that payment of the Plan benefits is controlled by the terms of her November 26, 1991 Judgment of Divorce, which provides, in pertinent part:

---

[1] KeySpan Corporation purchased the Boston Gas Company. Provisions in the Boston Gas Company SPD apply to these claims.

> The Husband shall n. ..tain term life insurance for the benefit the children during their minority in the amount of ONE HUNDRED TWENTY-FIVE THOUSAND AND 00/100 ($125,000.00) and the Wife shall be the designated beneficiary of such policy.
>
> . . . .
>
> . . . a copy of the life insurance policy provided by Husband's employer have herewith been provided to the Wife.

The decedent and Ms. Nolan had two children, Jessica and Justin Petkus.[2] At the time of the decedent's death, Jessica was 19 years old and Justin was 17 years old.

ERISA is a federal law that preempts state law divorce decrees unless they are Qualified Domestic Relations Orders ("QDROs"). A "domestic relations order" is a QDRO if it complies with the statutory requirements. ERISA, 29 U.S.C. § 1056(d)(3). The First Circuit, which includes Massachusetts, has not ruled on whether QDROs apply to employee welfare benefit plans, such as the Plan here. *Barrs v. Lockheed-Martin Corp.*, 287 F.3d 202, 208-209 & n.7 (1st Cir. 2002); *Sun Life Assurance Co. of Canada v. Sullivan*, 206 F. Supp. 2d 191 (D. Mass. 2002). *See also Metropolitan Life Ins. Co. v. Marsh*, 119 F.3d 415, 422 (6th Cir. 1997), *Metropolitan Life Ins. Co. v. Wheaton*, 42 F.3d 1080 (7th Cir. 1994).

Additionally, although, ERISA broadly preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a), federal courts are divided on the issue of whether the state law doctrine of substantial compliance is preempted by ERISA. The Ninth and the Tenth Circuits have held that state substantial compliance doctrines are not be preempted. *Bankamerica Pension Plan v. McMath*, 206 F.3d 821 (9th Cir. 2002); *Peckham v. Gem State Mut.*, 964 F.2d 1043 (10th Cir. 1992). In contrast, the Seventh Circuit and the Fourth Circuit have held that the doctrine of substantial compliance is preempted by ERISA, and have applied federal common law. *Metropolitan Life Ins. Co. v. Johnson*, 297 F.3d 558 (7th Cir. 2002); <u>Phoenix Mutual Life Ins. Co. v. Adams, 30 F.3d 554 (4th Cir. 1994)</u>.

The First Circuit has not ruled on the issue of whether the state law of substantial compliance is preempted by ERISA. Massachusetts' law, however, provides that there must be "substantial compliance with the provisions of a policy regulating that subject matter, and that it is of the essence of substantial compliance that the insured must have done all in his power to effect that change, leaving only some ministerial act on the part of the insurer necessary to consummate it." *Acacia Mutual Life Ins. Co. v. Feinberg*, 61 N.E.2d 122, 124 (Mass. 1945); *see also Strauss v. Teachers Ins. & Annuity Ass'n of America*, 639 N.E.2d 1106, 1109 (Mass. App. Ct. 1994)(stating that this standard varies with the circumstances of a particular case).

In sum, there is a question of fact as to whether the 2002 form is a forgery. There is also a question as to what law a court in the First Circuit would apply to determine whether the 2002 form substantially complied with the terms of the Plan. Additionally, MetLife cannot determine whether a court in the First Circuit would determine that QDROs apply to employee welfare benefit plans, and if so, whether the language in the Judgment of Divorce quoted above satisfies the requirements of a QDRO, and if it is a QDRO whether it has expired in whole, in part, or not at all because Jessica reached the age of majority. Regardless of which form is effective, the issues surrounding QDROs need to be addressed by a court.

### If the 2002 Form is Effective

If a court determines that the 2002 form is not a forgery and finds that the decedent substantially complied with the terms of the Plan, then the 2002 form would be effective. Ms. Nolan and Ms. Petkus

---

[2] We will refer to Jessica and Justin Petkus by their first names for clarity and convenience. No disrespect is intended.

would each receive one-half of the Plan benefits, as per the 2002 form, if a court finds that QDROs do not apply to employee welfare benefit plans or the Judgment of Divorce is not a QDRO, or has entirely expired.

If a court finds that QDROs apply to employee welfare benefit plans, and the language in the Judgment of Divorce satisfies the requirements of a QDRO, and the QDRO has not expired at all
then Plan benefits in the amount specified, $125,000, would either be payable to Ms. Nolan, as court-appointed guardian or conservator to receive the benefits on behalf of Justin, or payable to Ms. Nolan in her individual capacity.[3] The remaining $23,800 would either be split equally between Ms. Nolan, in her individual capacity, and Ms. Petkus, or Ms. Petkus would receive the full $23,800.[4]

On the other hand, if a court determines that the Judgment of Divorce is a QDRO, but it has only expired in part because only Jessica reached the age of majority, then $62,500 would either be payable to Ms. Nolan, as court-appointed estate guardian or conservator, or payable to her in her individual capacity. The remaining $86,300 would either be split equally between Ms. Nolan, in her individual capacity, and Ms. Petkus, or $74,400 would be payable to Ms. Petkus and the remaining $11,900 would be payable to Ms. Nolan.

### If the 1984 Beneficiary Designation Form is Effective

If a court finds that the signature on the 2002 form is a forgery, or the decedent did not substantially comply with the terms of the Plan, so that the 2002 form would not be effective, then the 1984 beneficiary designation would be effective. The Plan benefits would be payable to Ms. Nolan, in her individual capacity, as the sole primary beneficiary under the 1984 designation form, if a court finds that QDROs do not apply to employee welfare benefit plans, or the Judgment of Divorce is not a QDRO, or has entirely expired.

If a court finds that QDROs apply to employee welfare benefit plans and the language in the Judgment of Divorce satisfies the requirements of a QDRO, then a court will have to determine whether the QDRO has expired in whole or in part. If a court finds that it is a QDRO and has not expired at all, then Plan benefits in the amount specified, $125,000, would either be payable to Ms. Nolan, as court-appointed estate guardian or conservator authorized to receive the benefits on behalf of the children, or in her individual capacity under the 1984 designation. The remaining $23,800 would be payable to Ms. Nolan, in her individual capacity.

On the other hand, if a court determines that the language in the Judgment of Divorce satisfies the requirements of a QDRO, but it has expired in part, then $62,500 would either be payable to Ms. Nolan, as court-appointed estate guardian or conservator authorized to receive the benefits on behalf of Justin, or in her individual capacity, and the remaining $86,300 would be payable to Ms. Nolan, in her individual capacity.

Because this matter raises questions of fact and law that cannot be resolved by MetLife without exposing the Plan to the danger of double liability, MetLife is required by law to initiate what is called an interpleader action to permit a court to decide between the claims. Before doing so, however, MetLife will give you the opportunity to try to resolve the matter in order to preserve the benefits from litigation costs and fees. Please inform this office in writing within thirty days of the date of this letter whether you believe you can reach a compromise of your claims. If you cannot reach an agreement, or you do not timely contact this office in writing, you will be notified of the lawsuit in due course. If you can reach an agreement, you may submit a duly-executed settlement agreement setting forth the details of your compromise regarding the referenced benefit plan sufficient to permit MetLife to draw the checks correctly, and also releasing any and all claims against MetLife, KeySpan Corporation, and the KeySpan

---

[3] It unclear from the language of the Judgment of Divorce whether payment would be made to Ms. Nolan in her individual capacity or whether payment would be made to her as a court-appointed estate guardian or conservator authorized to receive money on behalf of her child.

[4] It is also unclear whether Ms. Nolan would be deemed to be entitled to half of the remaining amount, or whether the amount in the Judgment of Divorce would be deemed to include Ms. Nolan's share under the 2002 form.

Welfare Plan. If these documents are acceptable to MetLife, the proceeds will be paid in accordance with your compromise. If they are not, we may ask you to sign an additional release.

If you have any questions, you may contact us at 1-800-638-6420 ext 6846.


Sincerely,


Group Life Claim
Team S
1-800-638-6420 ext 6846
Fax: 315-792-6522


Cc: Ms Donna M Nolan
    Ms Jessie-Jean Petkus

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Metropolitan Life Insurance Company v. Donna M. Nolan, et al.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [X] II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [X]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [X]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [X]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Constance M. McGrane__
ADDRESS __Conn Kavanaugh Rosenthal Peisch & Ford, LLP Ten P.O. Sq., Boston 02150__
TELEPHONE NO. __617-348-8214__

(Coversheetlocal.wpd - 10/17/02)

%JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Metropolitan Life Insurance Company

**DEFENDANTS**
Nolan, Donna M.
Petkus, Jessie-Jean

(b) County of Residence of First Listed Plaintiff **New York, NY**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed **Norfolk County, MA**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Constance M. McGrane
James F. Kavanaugh, Jr.
Conn Kavanaugh Rosenthal Peisch & Ford, LLP
Ten Post Office Square
Boston, MA 02109
617-482-8200

Joseph A. McRitchie
21 McGrath Highway
Suite 303
Quincy, MA 02164

Kenneth J. DiFazio
119 Broad Street
P.O. Box 422
Weymouth, MA 02188

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  |  |  |  | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
|  | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract |  | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
|  |  |  |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** |  | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** |  |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |  |
| ☐ 240 Torts to Land |  |  | ☐ 790 Other Labor Litigation |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty |  |  |  |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
|  |  | ☐ 550 Civil Rights |  |  |  |
|  |  | ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Interpleader Action to deposit proceeds from an ERISA governed employee welfare plan pursuant to 29 U.S.C. Sections 1009, et. seq. (ERISA)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _Constance M. McGrane_

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____