UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Case No. 04-12420-RGS

METROPOLITAN LIFE INSURANCE COMPANY,
            Plaintiff

v.

DONNA M. NOLAN AND JESSIE-JEAN PETKUS,
            Defendants

  Now comes the Defendant, Donna M. Nolan, and answers Plaintiff's Complaint for Interpleader as follows:

1. Admit
2. Admit
3. Admit
4. Admit
5. Admit
6. Admit
7. Admit
8. Admit
9. Defendant is without sufficient information to either admit or deny and calls upon Plaintiff to prove the same.
10. Denied
11. Admitted
12. Defendant is without sufficient evidence to admit or deny and calls upon Plaintiff to prove same. In further answer, Plaintiff states that the 1984 designation on file with Boston Gas Company referenced in Paragraph 11 satisfied plan requirements.
13. Admit
14. The Defendant Nolan admits that she has submitted a claim for the proceeds. She denies that Petkus claim is proper.
15. Admit the contents of the letter only, which speaks for itself.

16. Admit and states further that the letter attached to this answer, as Exhibit A, pointed out that Plaintiff's letter included numerous misstatements and made unwarranted charges to the underlying facts, and in light thereof, requested that Plaintiff reevaluate the claim.

17. Denied.

### First Affirmative Defense

The complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Plaintiff has breached their obligation of good faith and fair dealings and should not be discharged from liability.

### Third Affirmative Defense

The Plaintiff has breached its fiduciary obligations to the Plan and to the Defendant Nolan as a beneficiary thereof and should not be discharged from liability.

### Counterclaim

By way of counterclaim, the Defendant/Plaintiff in counterclaim, Donna M. Nolan, alleges as follows:

1. The Plaintiff in counterclaim is Donna M. Nolan who resides in Quincy, Norfolk County, Massachusetts.

2. The Defendant in counterclaim is Metropolitan Life Insurance Company (hereinafter MetLife).

3. On or about March 22, 2004, MetLife concluded that the Nolan claim was proper.

4. On or about March 22, 2004, MetLife denied the claim by Jessie-Jean Petkus.

5. Jessie-Jean Petkus appealed the denial of her claim by MetLife.

6. In reviewing Petkus' claim, MetLife changed its conclusions as to Nolan's claim without any factual or legal basis.

7. MetLife then suggested that Petkus and Nolan compromise their claims, having weakened Nolan's negotiating position by presuming incorrect facts.

8. Nolan requested that MetLife reevaluate its position based upon the proper facts, which request was ignored.

9. MetLife, by its actions, has breached its fiduciary obligation to treat beneficiaries in a fair and reasonable manner.

WHEREFORE, the Plaintiff in counterclaim, Donna M. Nolan, demands that this Court enter an order:

A. Not to discharge MetLife from liability.

B. That the Plaintiff in counterclaim, Donna M. Nolan, is the proper beneficiary of the decedent, James Petkus' insurance.

C. That the Plaintiff in counterclaim be awarded her costs to this action including reasonable attorney's fees and costs.

D. That grants such other relief to Donna M. Nolan as is just and proper.

DONNA M. NOLAN
By her attorney,

Joseph A. MacRitchie
21 McGrath Highway, Suite 303
Quincy, MA  02169

Telephone (6217) 770-2115

December 3, 2004

BBO No. 312450

- 3 -

**JOSEPH A. MacRITCHIE**

ATTORNEY AT LAW

21 McGRATH HIGHWAY

SUITE 303

QUINCY, MASSACHUSETTS 02169

(617) 770-2115

FAX (617) 770-2586

October 18, 2004

<u>Certified Mail/Return Receipt</u>

MetLife
Group Life Claims
P. O. Box 6115
Utica, New York  13504

<u>Attn: Team S</u>

Re: James J. Petkus
    Group No. 105953
    Claim No. 1627124

Dear Sir/Madam:

On June 4, 2004, you indicated that the above referenced claim had been referred to your administrative review section for their recommendation.

In an undated letter postmarked on October 4, 2004, you failed to make any determination, threatened litigation and suggested that the parties compromise their claims.

For the reasons stated hereafter, it is the opinion of this office that your actions constitute unfair and deceptive insurance settlement practices under Massachusetts General Laws, Chapter 175, as well as unfair and deceptive business practices under the Massachusetts Consumer Protection Law, Chapter 93A. As such, you could be held liable for up to triple damages and attorneys' fees. Demand is hereby made that you reevaluate your October 4, 2004 conclusions and make a reasonable offer of settlement within 30 days of your receipt of this correspondence.

Our basic complaint is that your October 4, 2004 letter contains numerous misstatements of our position, unwarranted changes in the underlying facts, improper conclusions of applicable law, and the unnecessary threat of litigation.

MetLife
Group Life Claims
Page 2
October 18, 2004

    MetLife acknowledges that it is acting in its capacity as claims fiduciary for the plan. As such, you owe a duty of fidelity to the plan and its participants. You correctly conclude that Ms. Petkus' beneficiary designation form was never on file with the plan as required. That fact in and of itself should be dispositive of Ms. Petkus' claim, and it should have been denied.

    Rather than carry out your fiduciary obligations, you somehow elevate her claim and legitimize it at the same time that you minimize the claim of my client, Donna Nolan. For example, you state that Ms. Nolan's beneficiary designation form also was not on file. That statement is contrary to your March 22, 2004 correspondence where you state:

> "We have verified that the designation naming your client as sole beneficiary to the referenced group life insurance benefits was, in fact, on file with the location where Mr. Petkus worked."

    You further state that the basis of our claim is controlled by the terms of the parties' divorce. Rather, our contention is that the separation agreement required Mr. Petkus to maintain the current beneficiary form in place until such time as his support obligations ceased, that being upon emancipation. If Mr. Petkus had filed a change in beneficiary form, he would have breached his obligations.

    In addition, you misstate our position when you indicate that our claim is for $125,000 of the policy. It is our contention that Mr. Petkus was obligated to maintain $125,000 in term life insurance, plus his policy through his employer. It is our further contention that Mr. Petkus attempted to comply with that provision by maintaining two term life insurance policies, one independent of his employment, and the other with Optional Group Term Life Insurance in the amount of $59,095 through Keyspan.

    You further seek to diminish the validity of my client's claim by asserting that since the oldest child is no longer a minor, Mr. Pekus could have changed his beneficiary designation form.

    As a full time student, Jessica was not emancipated and relies upon parental support. Mr. Petkus was still obligated to contribute to her at the time of his death. It is my basic understanding that this is the very purpose of providing for life insurance in separation agreements.

MetLife
Group Life Claims
Page 3
October 18, 2004

All of these circumstances should be seen as buttressing the conclusion that Mr. Petkus intended to maintain his life insurance for the benefit of his children.

The actions of MetLife in bootstrapping Jessie's claim, misstating and minimizing my client's claim, while suggesting that the parties compromise, indicate that MetLife is not interested in administering this plan consistent with its fiduciary obligations.

I would, therefore, ask that you promptly reevaluate this claim in light of the proper facts and conclude that Jessie Petkus' claim is invalid and that Donna Nolan's is proper and that payment be made accordingly.

Please contact me at your convenience if you have any questions.

Sincerely,

Joseph A. MacRitchie

us

cc: Ms. Donna Nolan

## CERTIFICATE OF SERVICE

I, Joseph A MacRitchie, attorney for the Defendant, Donna M. Nolan, certify that on this 3rd day of December, 2004, I have served a copy of the Defendant's Answer and Counterclaim as follows:

>Attorney Constance M. McGrane
>Conn, Kavanaugh, Rosenthal, Peisch & Ford, LLP
>Ten Post Office Square
>Boston, MA  02109

and

>Attorney Kenneth J. DiFazio
>119 Broad Street
>P. O. Box 422
>Weymouth, MA  02188-0003