UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12420-RGS

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE | ) |
| COMPANY, | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| DONNA M. NOLAN, | ) |
| JESSIE-JEAN PETKUS | ) |
|     Defendants | ) |

## ANSWER OF METROPOLITAN LIFE INSURANCE COMPANY TO COUNTERCLAIM OF DONNA M. NOLAN

The plaintiff and defendant-in-counterclaim Metropolitan Life Insurance Company ("MetLife") hereby answers the numbered paragraphs of the defendant and plaintiff-in-counterclaim Donna M. Nolan's Counterclaim ("counterclaim") as follows:

1.    MetLife is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the counterclaim.

2.    MetLife admits the allegations contained in paragraph 2 of the counterclaim.

3.    MetLife denies the allegations contained in paragraph 3 of the counterclaim.

4.    MetLife admits the allegations contained in paragraph 4 of the counterclaim.

5.    MetLife admits the allegations contained in paragraph 5 of the counterclaim.

6.    MetLife denies the allegations of paragraph 6 of the counterclaim except admits that in response to a request for a review of the denied claim, MetLife examined the entire claim file and found it was unable to resolve the questions of fact and law raised by the competing claims without exposing the Plan to the danger of double liability.

7.     MetLife admits that it provided an opportunity to Jessie-Jean Petkus ("Petkus") and Donna M. Nolan ("Nolan") to resolve their competing claims prior to filing this interpleader action. MetLife denies the remaining allegations of paragraph 7 of the counterclaim.

8.     MetLife admits that on or about October 18, 2004 Nolan's attorney sent a letter to MetLife demanding that MetLife reevaluate its conclusions. MetLife denies the remaining allegations of paragraph 8 of the counterclaim.

9.     MetLife denies the allegations of paragraph 9 of the counterclaim.


## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Counterclaim, in whole or in part, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff in counterclaim seeks proceeds due to the beneficiary(ies)under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974  ("ERISA"), as amended, 29 U.S.C. §§ 1001 *et seq.*.  ERISA provides the exclusive remedies for an alleged improper denial of benefits or breach of fiduciary duty, and Plaintiff in counterclaim is limited to the rights and remedies afforded under ERISA. Under ERISA, Plaintiff in counterclaim is not entitled to seek compensatory, punitive, or other damages.  The prayers for relief are barred and preempted to the extent the relief sought is not permitted by ERISA.

<u>Third Affirmative Defense</u>

All determinations made by MetLife with respect to Nolan 's claim for proceeds were made in the interest of all plan participants and beneficiaries and in accordance with the terms and conditions of the plan documents.

<u>Fourth Affirmative Defense</u>

MetLife's actions, including the filing of this interpleader action, were an appropriate and responsible response to the competing claims of Petkus and Nolan.

<u>Fifth Affirmative Defense</u>

MetLife's determination regarding the competing claims for proceeds was not arbitrary and capricious, but rather was reasonable based on the evidence submitted by Nolan and Petkus, and comprising the claim file, and was made in good faith, in accordance with the terms of the Plan and applicable law.

WHEREFORE, MetLife respectfully requests that the Court dismiss the counterclaim with prejudice, and award MetLife its attorneys fees and costs.

METROPOLITAN LIFE INSURANCE
COMPANY,
By its attorneys,


/s/ Constance M. McGrane
James F. Kavanaugh, Jr. (BBO# 262360)
Constance M. McGrane (BBO #546745)
CONN KAVANAUGH ROSENTHAL
  PEISCH & FORD, LLP
Ten Post Office Square
Boston, MA  02109
(617) 482-8200

Dated: December 27, 2004

## <u>CERTIFICATE OF SERVICE</u>

      I, Constance M. McGrane, hereby certify that on this date I served a true and accurate copy of the foregoing document on all parties by mailing a copy thereof, postage prepaid, to:


James A. MacRitchie, Esq.
21 McGrath Highway, Suite 303
Quincy, MA 02164


Kenneth J. DiFazio, Esq.
119 Broad Street
P.O. Box 422
Weymouth, MA 02188-0003

                             /s/ Constance M. McGrane
                             Constance M. McGrane


Dated: December 27, 2004

216829.1