UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12420-RGS

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY,<br>    Plaintiff<br><br>v.<br><br>DONNA M. NOLAN,<br>JESSIE-JEAN PETKUS<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

METROPOLITAN LIFE INSURANCE COMPANY'S
MOTION FOR LEAVE TO DEPOSIT MONEY INTO COURT,
TO DISMISS, AND TO RECOVER ATTORNEYS' FEES AND COSTS

Defendant Metropolitan Life Insurance Company ("MetLife") respectfully moves that it be granted leave pursuant to Fed.R. Civ. P. 67, and Local Rule 67.2 to deposit money into the Registry of the Court to be deposited into an interest bearing account, that all claims against it be dismissed with prejudice, and that it recover its attorneys' fees and costs. As grounds for this motion, MetLife states as follows.

1. This action, to the extent it involves MetLife, arises from a dispute as to the proper beneficiaries under a life insurance policy insured by MetLife. MetLife issued a group policy ("MetLife Policy") to the employer of James J. Petkus ("Decedent") for the benefit of its employees, including Decedent.

2. The Decedent was an employee of the Boston Gas Company which was purchased by KeySpan Corporation ("KeySpan") in or about the year 2000. The decedent was a participant

of The KeySpan Employee Welfare Plan ("Plan").  The Plan is an employee welfare benefit plan governed by ERISA.

3. MetLife is the claims administrator and insurer for the basic employee term life insurance portion of the Plan.

4. On information and belief, the Decedent died on December 16, 2003. As a result, there is a benefit of $148,800 ("Proceeds") due to his beneficiary(ies).

5. On or about December 29, 2003, KeySpan provided MetLife with a death report for the Decedent.

6. On or about January 15, 2004, interpleader defendant Jessie –Jean Petkus ("Petkus") provided MetLife with a copy of a beneficiary designation form dated March 20, 2002, apparently signed by the Decedent naming Petkus and interpleader defendant Donna M. Nolan ("Nolan") as primary beneficiaries, with each to receive a 50% share.

7. On or about February 11, 2004, Nolan provided MetLife with a copy of a Boston Gas Company interoffice memorandum dated May 31, 1995 that was addressed to the Decedent which indicated that according to its records Nolan is listed as the beneficiary of the Plan. The Decedent designated Nolan as the sole primary beneficiary on March 20, 1984.

8. Nolan has contended that the payment of the Proceeds should also be governed by the terms of her Judgment of Divorce which provided in essence that Decedent was to maintain term life insurance for the benefit of their children, and that Nolan was to be the designated beneficiary of the policy.

9. Nolan and Petkus have both presented claims for the Proceeds to MetLife.

10. MetLife is in doubt as to the proper beneficiaries under the MetLife Policy.

11. The defendants in this interpleader action include all persons who have made claims to the Proceeds and who are known to have possible claims to the Proceeds.

12. MetLife does not have an independent interest as to how the conflicting claims to the remaining Proceeds are resolved by this Court.

13. Because MetLife does not have an independent interest as to how the conflicting claims are resolved, it should be permitted to deposit the Proceeds into Court, be discharged from this action, and recover its attorneys' fees and costs. Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d §1719 ( West 2001).

14. On October 1, 2004, prior to filing this action, MetLife notified the defendants that it would file an interpleader action to permit the Court to decide the claims, and provided the defendants an opportunity to resolve the matter in order to preserve the Proceeds from litigation costs and fees. The defendants did not resolve the matter.

15. Although Nolan has filed a counterclaim, it is appropriate to dismiss MetLife with prejudice upon payment of the Proceeds into the Court because there is no basis in law for the counterclaim. See Hotz v. Blue Cross and Blue Shield of Massachusetts, Inc., 297 F. 3d 57 (1st Cir. 2002) (insured's claim for alleged unfair claim settlement practice under M.G.L. c. 93A appropriately dismissed because preempted by the Employee Retirement Income Security Act ("ERISA")), and Lutheran Brotherhood v. Comyne, 216 F. Supp. 2d 859 (E.D. Wis. 2002) (counterclaims essentially based on annuity holder's having opted to proceed via an interpleader complaint rather than choosing among competing adverse complainants appropriately dismissed).

16. The deposit of the Proceeds into an interest bearing account is in the best interest of the defendants.

17. Upon request of the Court, MetLife will submit an Affidavit in Support of its Request for Attorneys Fees and Costs.

WHEREFORE, MetLife respectfully requests that this Court:

A.Enter an order permitting MetLife to deposit the Proceeds with the Registry of the Court into an interest bearing account;

B.Enter an order declaring that MetLife's liability under the Plan shall be fully discharged upon such deposit;

C.Enter an order declaring that the defendants and their representatives, including Nolan's children, be restrained from instituting or prosecuting, in any other state or federal court, any proceeding against MetLife, KeySpan Corporation, or the Plan with respect to the Proceeds;

D.Enter an order declaring that upon MetLife's deposit of the Proceeds with the Court, MetLife, KeySpan Corporation and their related companies and the Plan be discharged from any liability relating to the Proceeds; and

E.Award MetLife its attorneys' fees and costs, to be paid from the Proceeds deposited with the Registry of the Court.

METROPOLITAN LIFE INSURANCE
COMPANY
By its attorneys,


/s/ Constance M. McGrane
James F. Kavanaugh, Jr. (BBO#262360)
Constance M. McGrane (BBO#546745)
Conn Kavanaugh Rosenthal Peisch & Ford, LLP
Ten Post Office Square
Boston, MA 02109
617-482-8200

DATED: January 12, 2005

4

## CERTIFICATE OF SERVICE

    I, Constance M. McGrane, hereby certify that on this date I served a true and accurate copy of the foregoing document on all parties by mailing a copy thereof, postage prepaid, to:

James A. MacRitchie, Esq.
21 McGrath Highway, Suite 303
Quincy, MA 02164


Kenneth J. DiFazio, Esq.
119 Broad Street
P.O. Box 422
Weymouth, MA 02188-0003

                                             /s/ Constance M. McGrane
                                             Constance M. McGrane


Dated: January 12, 2005


217278.1