UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 04-12420-RGS

Metropolitan Life Insurance Company,
                          Plaintiff

vs.

Jessie-Jean Petkus,
Donna M. Nolan,
                          Defendants

**Memorandum of Donna M. Nolan
In Support of her Motion for
Summary Judgment**

      This Memorandum of law is submitted in support of the Defendant, Donna M. Nolan's Motion for Summary Judgment.

      This motion is appropriate in that there is no genuine issue as to any material fact, and she is entitled to judgment as a matter of law.

      This action is a complaint for Interpleader initiated by Metropolitan Life Insurance Company (MetLife) against the Defendants, Donna M. Nolan and Jessie-Jean Petkus.

      By order of this Court, Stearns, J., dated March 16, 2005, MetLife was allowed to pay into the Court the disputed life insurance proceeds and has been discharged from any further liability. It is the position of the Defendant, Donna M. Nolan, that a properly executed beneficiary designation form, naming her as the sole beneficiary of the life insurance proceeds was on file with the offices at Keyspan Corporation as the successor to Boston Gas Company. It is Nolan's further position that a purported beneficiary designation form naming herself and the Defendant, Jessie-Jean Petkus, was never filed with either the plan, the employer, or MetLife, as the claims administrator, and is therefore under applicable terms of the policy, ineffective.

As a consequence, she is the undisputed sole beneficiary of the policy, as provided by the policy itself.

Submitted herewith is a statement of undisputed material facts which the Defendant Nolan asserts entitles her to judgment as a matter of law.

This matter is governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U. S. Code, Sections 1001, et. seq. Egelhoff v. Egelhoff, 532 U. S. 141 (2001); Sun Life Assurance Co. of Canada v. Sullivan, 206, F. Supp. 2d 191, 195-196, (D. Mass., 2002)

## **Argument**

I. The only designation form on file names Donna M. Nolan as the sole beneficiary.

In the complaint, MetLife describes itself as the claims administrator of the Plan. The complaint quotes the Plan requirement that in order to designate a beneficiary, the insured must submit a form in writing to the Benefits Department. MetLife, in correspondence dated March 24, 2004 to the Defendant Nolan, attached to her Affidavit as Exhibit B, acknowledged that the designation naming her as the sole beneficiary:

"was, in fact, on file with the location where Mr. Petkus worked."

There is no record that any such designation naming Jessie-Jean Petkus was ever on file anywhere in accordance with the benefit plan.

II.  If James Petkus had designated anyone other than Donna M. Nolan as a beneficiary under the policy, he would have violated a state court order.

- 2 -

The separation agreement executed by James Petkus and Donna M. Nolan (Exhibit A to the Nolan Affidavit) required that James maintain life insurance for the benefit of the children during their minority and that Donna "…shall be the designated beneficiary of such policy." The applicable provisions of the parties' separation agreement specifically reference the fact that Ms. Nolan had been provided with the life insurance policy provided by the husband's employer. That is the very policy that is the subject matter of this litigation.

III. If James Petkus had changed the beneficiary of his life insurance, such actions would have been inconsistent with his twelve year course of conduct.

Donna M. Nolan, in her affidavit, and Jessie-Jean Petkus, in her deposition, both acknowledge that James Petkus consistently complied with his obligations under the separation agreement. Jessie-Jean Petkus acknowledged that James not only paid the support order obligations, he paid one-half of any additional costs necessary for his children. She specifically mentioned his paying one-half expenses for items such as a bicycle or dance lessons, as well as educational costs, both at the college and private high school level.

Furthermore, Jessie-Jean Petkus acknowledged that she and Mr. Petkus together had an attorney review the separation agreement after their marriage; that they together received advice relative to his obligations, and he specifically chose not to seek any modification or clarification of those obligations.

To simply change his life insurance beneficiary contrary to that agreement would have been completely out of character of James Petkus. These facts buttress the argument that he did no such thing.

IV. The Defendant, Jessie-Jean Petkus, can produce no credible evidence that James Petkus ever filed a new beneficiary designation form.

The Defendant, Jessie-Jean Petkus, has no evidence that James ever filed a new beneficiary designation form. She has no acknowledgement from either Boston Gas, Keyspan or MetLife that they ever received the form. There is no receipt. Jessie is unable to produce any third party to whom James ever indicated that such a form had been filed. They discussed finances with the attorney who reviewed the separation agreement but no corroboration can be obtained that the life insurance was discussed. James never confided in any of his three siblings nor his wife's sibling.

Jessie-Jean Petkus can produce no evidence which would establish that she was ever designated as a beneficiary of the policy insuring the life of James Petkus.

## Conclusion

For the reasons stated, the Defendant, Donna M. Nolan, has established that she is the properly designated sole beneficiary of the life insurance policy at issue in this litigation, and she is entitled to judgment as a matter of law.

DONNA M. NOLAN<br>
By her attorney,<br>
<br>
*/s/ Joseph A. MacRitchie*<br>
Joseph A. MacRitchie, Esq.<br>
21 McGrath Highway, Suite 303<br>
Quincy, MA 02169<br>
Telephone (617) 770-2115<br>
BBO No. 312450

Dated August 22, 2005