UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 04-12420-RGS

Metropolitan Life Insurance Company,
                      Plaintiff

vs.                                **Statement of Undisputed**
                                       **Material Facts**

Jessie-Jean Petkus,
Donna M. Nolan,
                      Defendants

The Defendant, Donna M. Nolan, states that the following are relevant facts that are not in dispute, which entitled her to judgment as a matter of law:

1. James J. Petkus ("Decedent") died on December 16, 2003. (Complaint, Paragraph 8, admitted by all.)

2. The Decedent was employed by Keyspan Corporation and its predecessor, Boston Gas Company. He was a participant in Keyspan's Employee Welfare Plan ("Plan"), governed by ERISA, 2a, USC, s1001, et. seq. (Complaint, Paragraph 6, admitted by all.)

3. Donna M. Nolan is the former wife of Decedent; the mother of their two children who were 19 and 17 years old on the date of their father's death. Both were dependent upon their parents for support, as each is a full time student (Complaint, Paragraph 2, Affidavit of Donna M. Nolan, Deposition of Jessie Petkus, Page 10, Lines 9-24).

4. Jessie-Jean Petkus was the wife of the Decedent, having been married to him for four years prior to his death. They had no dependents. (Deposition of Jessie-Jean Petkus, Page 8, Lines 12-19.)

5.  The Plan included basic employee team life insurance for which Metropolitan Life Insurance Company (MetLife) was claims administrator. (Complaint, Paragraph 7, admitted by all.) By order of this Court dated March 16, 2005, MetLife has been discharged from this case.

6.  The Decedent designated Nolan as the sole beneficiary on March 20, 1984. It has been confirmed with Boston Gas Company that this 1984 designation was on file with the Plan. (Complaint, Paragraph 11, Affidavit of Donna M. Nolan.)

7.  The Decedent was obligated to designate Nolan as beneficiary of this life insurance policy by the separation agreement executed by the Decedent and Nolan. (Affidavit of Donna M. Nolan.)

8.  The Decedent always complied with his obligations under the separation agreement. (Affidavit of Donna M. Nolan; Deposition of Jessie-Jean Petkus, Pages 9-11.)

9.  The Decedent was familiar with his obligations under the separation agreement. (Deposition of Jessie-Jean Petkus, paragraph 11, lines 8-19.)

10. The Decedent never sought to modify the separation agreement (Affidavit of Donna M. Nolan; Deposition of Jessie-Jean Petkus, Paragraph 12, Lines 15-19).

11. There is no record that the Decedent ever filed a designation of Jessie-Jean Petkus as a beneficiary of his life insurance policy. (Complaint, Paragraph 12. Neither admitted nor denied by either party.)

12. Jessie-Jean Petkus has no evidence that a beneficiary designation form, naming her as a beneficiary, was ever filed with the Plan. (Deposition of Jessie-Jean Petkus, Pages 34-36.)

13. The Summary Plan description which applies to the Plan provides in part:

"You may name whomever you wish as a beneficiary. Your beneficiary under the Basic Plan is the person or persons you have named on your beneficiary designation card...Furthermore, you may change your beneficiary designation at any time. You must do this in writing and file it with the Benefits Department."

(Complaint, Paragraph 13, admitted by Nolan, neither admitted nor denied by Petkus.)

                                        DONNA M. NOLAN
                                        By her attorney,

                                        */s/ Joseph A. MacRitchie*
                                        Joseph A. MacRitchie, Esq.
                                        21 McGrath Highway, Suite 303
                                        Quincy, MA  02169
                                            Telephone (617) 770-2115
Dated August 22, 2005                    BBO No.  312450