UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-12420-RGS

METROPOLITAN LIFE INSURANCE COMPANY

v.

JESSIE JEAN PETKUS AND DONNA M. NOLAN

MEMORANDUM AND ORDER ON
DEFENDANT NOLAN'S MOTION FOR SUMMARY JUDGMENT

December 8, 2005

STEARNS, D.J.

On November 15, 2004, Metropolitan Life Insurance Company (MetLife) brought this interpleader action requesting that the court determine the distribution of the proceeds of a term life insurance policy purchased by James J. Petkus through an Employee Welfare Plan (the Plan) sponsored by his employer, Keyspan Corporation, and its predecessor Boston Gas Company. The Plan is governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001. Among the benefits extended by the Plan was "basic employee term life insurance" offered through MetLife, which also acted as the claims administrator.

Petkus purchased the policy in 1984. When he died on December 16, 2003, the policy was valued at $148,800. After his death, MetLife received competing beneficiary forms from Petkus' former wife, Donna Nolan, and from his widow, Jessie-Jean Petkus. On October 1, 2004, MetLife concluded that the dispute could potentially expose the Plan to liability. Consequently, it turned to the court for direction.

On March 17, 2005, the court conducted a scheduling conference and ordered that all discovery be completed by August 17, 2005, with summary judgment motions filed seven days thereafter. The court also granted MetLife's motion to deposit the proceeds of the policy into the court and MetLife's request to be dismissed from the case.[1] On August 23, 2005, Nolan filed a motion for summary judgment seeking the entire proceeds of the policy. On December 1, 2005, the court heard oral argument.

The material facts are not disputed, only their significance. Petkus and Nolan were married in 1984. They had two children, who were ages 19 and 17 on the date of their father's death. On November 26, 1991, Petkus and Nolan were divorced. A Separation Agreement, which was part of the Judgment of Divorce, required that Petkus

> maintain term life insurance for the benefit of the children during their minority in the amount of One Hundred Twenty-Five Thousand and 00/100 ($125,000.00) and the Wife shall be the designated beneficiary of such policy.
>
> Husband shall not borrow any cash values or equity of any policy during the minority of the children.
>
> Wife shall maintain life insurance for the benefit of the children during their minority in the amount of Ten Thousand and 00/100 ($10,000.00) and the Husband shall be the designated beneficiary of such policy.

Petkus never sought to modify the separation agreement and faithfully paid his child support obligations. Petkus married Jessie-Jean Petkus in 1999. They had no children.

MetLife maintains Keyspan's beneficiary data, as supplied by Keyspan. When Petkus died, MetLife had no beneficiary form on file. Donna Nolan, however, provided

---

[1]On March 16, 2005, the court allowed MetLife's petition for an award of attorneys' fees and costs and ordered that $7,217.87 be paid to MetLife as part of the final judgment. On April 21, 2005, the court awarded the undisputed 50% share of the proceeds to Nolan.

MetLife with a March 20, 1984 beneficiary form signed by Petkus designating her as the sole beneficiary of the policy. She also provided MetLife with a May 31, 1995 interoffice memorandum addressed by Boston Gas to James Petkus confirming the designation. On March 22, 2004, MetLife wrote to Nolan stating that it had "verified that the designation naming [her] as sole beneficiary to the referenced group life insurance benefits was, in fact, on file with the location where Mr. Petkus worked."[2]

Jessie-Jean Petkus thereafter provided MetLife with a second beneficiary form signed by Petkus.[3] The form is dated March 20, 2002, and lists Jessie-Jean Petkus and Donna Nolan as equal beneficiaries. There is no evidence that this second form was ever submitted to MetLife or Keyspan.

The Summary Plan Description provides in part that:

> [y]ou may name whomever you wish as a beneficiary. Your beneficiary under the Basic Plan is the person or person you have named on your beneficiary designation card. . . . Furthermore, you may change your

---

[2] At oral argument, Jessie-Jean Petkus' attorney argued that because the original beneficiary form and the Boston Gas May 31, 1995 memorandum were never produced (directly) to her, there is a question of fact as to whether these documents exist – despite MetLife's confirmatory letters. If Jessie-Jean Petkus's attorney failed to request copies of the documents from MetLife or to depose a MetLife representative on the subject, she cannot resort to the attorney's lack of diligence to create a dispute of fact. The parties were on notice from the onset of this dispute that MetLife possessed relevant discoverable information and both the letter and the memorandum were specifically referenced in the Complaint. Moreover, Jessie-Jean Petkus, through her attorney, received a letter from MetLife in 2004 explaining its decision to defer a determination of the dispute, specifically referencing the May 31, 1995 Boston Gas Company memorandum confirming Nolan as the sole beneficiary under the policy.

[3] Jessie-Jean Petkus has offered expert witness testimony that the signature on the form is that of Petkus. While Nolan disputes the authenticity of the signature, the issue is not material given the court's resolution of the dispute.

beneficiary designation at any time. You must do this in writing and file it with the Benefits Department.

Nolan argues convincingly that her beneficiary form is the only form that complies with the Plan's requirement that a designation of a beneficiary be "in writing and file[d] . . . with the Benefits Department." Jessie-Jean Petkus contends that because the Nolan form was apparently never forwarded by Boston Gas to MetLife, it was never "filed" and that the competing "unfiled" forms are therefore on equal footing, with the later-dated form dividing the proceeds equally trumping the earlier exclusive designation of Nolan.

The argument is untenable in light of the uncontrovertible fact that the form designating Nolan as the sole beneficiary was on file with Boston Gas and acknowledged as such by Boston Gas in 1995 (four years after the divorce).[4] Because Jessie-Jean Petkus is unable to show that that designation was ever changed or revoked in a manner consistent with the terms of the Plan, it is still in effect and Nolan remains the sole beneficiary. Consequently, her motion for summary judgment is ALLOWED.

### ORDER

For the foregoing reasons, Nolan's motion for summary judgment is ALLOWED. Nolan will file within fourteen (14) days of the date of this Order, a proposed form of Final Judgment.

SO ORDERED.

/s/ Richard G. Stearns

---

[4] That the form may or may not have been on file with MetLife is immaterial. The Plan Description does not require that a participant file the form with the insurer. Instead, it directs that the form be filed with the "Benefits Department." The responsibility of forwarding the form to the insurer lies with the employer and not the insured.

_____
UNITED STATES DISTRICT JUDGE